No. 12,810.

FRASER *v.* COLLINS ET AL.

(20 P. [2d] 541)

Decided March 13, 1933.

Mr. GEORGE A. CHASE, for plaintiff in error.

Mr. JOHN F. MAIL, for defendants in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF Fraser, plaintiff in error here, was record owner of Denver city lots which went to tax sale for non-payment of taxes due thereon. She brought this action against defendant Collins, as ex officio treasurer of the City and County of Denver, who made the tax sale, and joined as defendants H. Berman and others who claimed rights in the property as assignees of the treasurer. The specific prayer for relief was for possession of the property and there was also a prayer for general relief. The action, however, was avowedly one for the recovery of possession of real estate. Notwithstanding this fact, the

plaintiff in her complaint has set forth, at unnecessary length, not ultimate facts, but matters of evidence which she deemed sufficient to establish her right to possession. We deem it unnecessary to attempt a statement of this evidentiary matter, not only because of the adverse findings of the trial court upon it, and on all the contested questions of fact in the case, but because of their immateriality. For our present purpose we summarize only the parts of the record which are reproduced in the brief of counsel for the defendants in error and which are not questioned or controverted by plaintiff in error.

■ The tax sale of this property by the treasurer was made November 26, 1921. There being no bidder for the same it was, as provided by statute, struck off to the county treasurer for the benefit of the county, and in March, 1924, the treasurer assigned the certificate of sale to defendants H. Berman and Lillian Oberlander. In December, 1924, the treasurer executed and delivered the tax deed of the property to them. In April, 1925, Berman and other parties interested began a suit in the district court of Denver, No. 89451, against the plaintiff in error Elizabeth Fraser, the object being to quiet title to the property in question, which theretofore had been sold as above stated for failure by Fraser to pay the taxes thereon. There seems to be no question about the proper service upon Fraser, the same having been made by publication because of her absence from the state. The case passed to final decree in October, 1925. That decree recites that all the defendants in the action had been properly served; that the statutory period for answer had expired; that none of the defendants had answered and their default was duly entered. The further finding of the court was that none of the defendants were found within the jurisdiction of the court and constructive service was properly had upon them; that the court had jurisdiction of each and all of the defendants as well as the subject matter of the action, and the court further found that each and every allegation of the complaint to quiet

title was true and that the appropriate relief sought quieting title in defendants to the property now in dispute should be and was granted. The decree also declared that the plaintiffs in the case, Berman and Oberlander, were and are owners of the property and the defendants, including Fraser, had no right or title thereto and the title was therefore quieted in the plaintiffs.

The complaint in this action now before us was filed by Fraser more than one year after the decree in cause No. 89451 was rendered. As already stated, it is an action to recover possession and contains thirty-seven separate paragraphs in which are set forth at great length certain facts upon which plaintiff relies for relief. The defendants in their answer denied all of the material allegations of this complaint and affirmatively pleaded the other matters already summarized. No replication to this answer was filed by the plaintiff. The cause came on for trial before the court without a jury on the complaint and the answer. The court's findings were against the plaintiff and in favor of the defendants. It is wholly immaterial in our view whether the attack upon the judgment quieting title is direct or collateral. A careful examination of this record does not disclose that any material allegation of the plaintiff's complaint questioning the validity of the judgment of October, 1925, quieting title in the defendants, was established. Indeed, the court below found, and we think rightfully so, that there was not any proof in support of the material allegations of the plaintiff's complaint in which she seeks to overthrow the judgment of the district court quieting title in these premises to the defendants. That decision is conclusive against plaintiff as to this cause of action in which she seeks to recover possession of the property involved in both actions.

The judgment below is right, and it is therefore affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.